# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DYROME FULLER** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-5328 |
| | : | |
| **JOHN WETZEL** | : | |
| *SECRETARY OF CORRECTIONS*, **ET AL.** | : | |

## ORDER

This 19th day of May, 2021, following careful and independent consideration of Dyrome Fuller's Petition for writ of habeas corpus (Doc. No. 1), the Memorandum in support of his petition (Doc. No. 5), the Commonwealth's Response, (Doc. No. 13), Mr. Fuller's counseled Reply (Doc. No. 22), and after review of the Report and Recommendation of U.S. Magistrate Judge Richard A. Lloret, with the Commonwealth having accepted the conclusion reached by Judge Lloret, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED.**
2. The petition for a writ of habeas corpus is **GRANTED** in part as to Mr. Fuller's claim that trial and PCRA counsel were ineffective for failing to raise and litigate the federal due process and Sixth Amendment issue concerning the first-degree murder instructions.
3. Execution of the writ is **STAYED** for one hundred-eighty (180) days from the date of this Order to permit the Commonwealth to commence a new trial on the first-degree murder charges. If Mr. Fuller's new trial does not commence within the time specified, the writ shall issue, and the Commonwealth shall vacate Mr. Fuller's conviction of first-degree murder. Because the error in this case concerned only the first-degree murder conviction, the writ extends only to that

conviction and the sentence imposed as a result of that conviction.

4. Petitioner's remaining claims are **DENIED.**

5. A certificate of appealability is **DENIED** on Petitioner's remaining claims.


                /s/ Gerald Austin McHugh
                United States District Judge